No. 371 April 23, 2025 143

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE STATE OF
OREGON

In the Matter of S. K.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

S. K.,
*Respondent,*

*v.*

M. K.
and M. Z.,
*Appellants.*

Multnomah County Circuit Court
20JU04149; A185213 (Control), A185731

In the Matter of M. K.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. K.
and M. Z.,
*Appellants.*

Multnomah County Circuit Court
20JU04150; A185214, A185732

In the Matter of J. K.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. K.

and M. Z.,
*Appellants.*

Multnomah County Circuit Court
20JU04151; A185215, A185733

Susan M. Svetkey, Judge.

Submitted March 10, 2025.

G. Aron Perez-Selsky filed the brief for appellant M. K.

George W. Kelly filed the brief for appellant M. Z.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Ginger Fitch and Youth, Rights & Justice, filed the brief for respondent S. K.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this consolidated juvenile dependency case, father and mother appeal juvenile court judgments changing their three children's permanency plans from reunification to permanent guardianship. S, born in 2015, is the older sibling of twins J and M, born in 2016. Father and mother argue that the juvenile court erred in determining that they had not made sufficient progress in ameliorating the jurisdictional bases (injury to J, neglect and chronic malnourishment of J and M, and harm suffered by J and M presents risk of harm to S) so as to allow reunification. *See* ORS 419B.476(2)(a) (to change a plan of reunification, the juvenile court must determine that the Department of Human Services (DHS) has made reasonable efforts and that the parent has not made sufficient progress to make it possible for the ward to safely return home).

We "view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the juvenile court's disposition and assess whether, when so viewed, the record was legally sufficient to permit the juvenile court's change to the permanency plan." *Dept. of Human Services v. S. M. H.*, 283 Or App 295, 297, 388 P3d 1204 (2017) (internal quotation marks omitted).

Father and mother filed separate briefing, but in large part, their arguments have similar themes related to the sufficient progress that they contend they have both made that will make it possible for children to return home. Father argues, among other points, that he participated in, and completed, all services ordered by the trial court and that he retains a strong bond with children. Mother also argues that she participated in services, that she has gone to every visit that she has been given, and that she has the resources needed to care for children.

DHS responds that, for the most part, the arguments of father and mother are unpreserved, and that, to the extent the contentions are preserved, the evidence is legally sufficient to support the juvenile court's conclusion "that parents failed to make sufficient progress to safely allow the children to return home at the time of the hearing."

The department asserts that, in addition to her arguments related to sufficient progress, mother "also appears to argue that * * * further efforts would make it possible for the children to return home with[in] a reasonable time." The department highlights the severe traumatic brain injury suffered by J, the severe malnourishment of J and M, and that father and mother "have not acknowledged their responsibility" for the harms suffered by J and M or provided "an explanation consistent with medical findings" and the post-traumatic stress disorder suffered by S.

S also filed a brief on appeal, and S takes the position that the juvenile court's order should be affirmed. S's brief points to the serious physical harm suffered by J and M, and the emotional harm suffered by S, including thoughts of taking his own life. S stresses that no "amount of training or participation in services can protect [S] from his parents' years long, unrealistic view of child welfare and safety" and that father and mother "cannot be trusted to provide child safety and well-being when no one is watching" and the juvenile court "correctly identified that entrenched problem as the foundation for its insufficient progress finding."

We have considered the parties' arguments and reviewed the record. We assume without deciding that father and mother's arguments are preserved, and conclude that the record is legally sufficient, and indeed amply supports, the juvenile court determinations that father and mother had made insufficient progress toward reunification. The record thoroughly illustrates the harms children suffered as a result of the actions of father and mother. Further, the record, which includes various witness testimony and medical documentation and reports, supports the trial court's determination that, to adequately meet the children's needs, father and mother would need to acknowledge the full extent of the harms that the children were subjected to by parents, and also take responsibility for those harms such that children could safely return to parents, and had not done so. *See Dept. of Human Services v. C. W.*, 312 Or App 572, 581, 493 P3d 74 (2021) ("The 'paramount concern' in ORS 419B.476 is the 'health and safety' of the child."); *Dept. of Human Services v. T. R.*, 251 Or App 6, 15, 282 P3d 969, *rev den*, 352

Or 564 (2012) (in discussion of "sufficient progress," noting juvenile court's consideration of "the absence of an acknowledgment of wrongdoing by the parents").

As a final matter, we note that to the extent that mother argues on appeal that "further efforts" could permit children to return home within a reasonable time period, ORS 419B.476(4)(c), the evidence noted above also defeats that argument.

Affirmed.